IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03439-BNB

SALVADOR ZUNOGAMA,

    Applicant,

v.

ED CALEY, Trinidad Corr. Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER OF DISMISSAL

    Applicant, Salvador Zunogama, is a prisoner in the custody of the Colorado Department of Corrections at the Trinidad Correctional Facility in Model, Colorado. Mr. Zunogama has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) ("the Application") challenging the validity of his conviction and sentence in Mesa County District Court case number 09CR1751.

    On January 8, 2014, Magistrate Judge Boland ordered Respondents to file a Pre-Answer Response limited to raising the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On January 15, 2014, Respondents filed a Pre-Answer Response (ECF No. 10) arguing that the Application should be denied because Mr. Zunogama has not exhausted state court remedies for the claims he is asserting. Mr. Zunogama did not reply to the Pre-Answer Response despite an opportunity to do so.

The Court must construe the Application liberally because Mr. Zunogama is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action without prejudice for failure to exhaust state remedies.

A jury convicted Mr. Zunogama on four counts of aggravated motor vehicle theft; three counts of criminal trespass; and one count each of theft, driving after revocation prohibited, driving under restraint, and theft by series. *See People v. Zunogama*, No. 10CA1534 (Colo. App. Dec. 6, 2012) (unpublished) (ECF No. 10-4). He was sentenced to a total term of thirteen years in prison. The judgment of conviction was affirmed on direct appeal. *See id.* On October 28, 2013, the Colorado Supreme Court denied Mr. Zunogama's petition for writ of certiorari on direct appeal. (*See* ECF No. 10-2.)

The Application was filed on December 19, 2013. Mr. Zunogama asserts two claims for relief. He first contends that he was convicted as a result of another individual using his Social Security number. Although Mr. Zunogama does not identify his first claim as a federal constitutional claim, the Court construes the claim liberally as a due process claim challenging the sufficiency of the evidence. Mr. Zunogama alleges in his second claim that counsel failed to present exculpatory evidence. The Court construes the second claim as an ineffective assistance of counsel claim.

Respondents do not argue that the Application should be dismissed as untimely. However, Respondents do contend that Mr. Zunogama has failed to exhaust state court remedies.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

In addition, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.  *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts."  *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Zunogama fails to demonstrate that he has fairly presented his claims to the Colorado appellate courts.  Based on the Court's review of the state court appellate briefs relevant to Mr. Zunogama's direct appeal, the Court agrees with Respondents that Mr. Zunogama did not raise on direct appeal either of the constitutional claims in the Application.  (*See* ECF Nos. 10-3 & 10-5.)  Therefore, the Application will be dismissed without prejudice for failure to exhaust state remedies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is DENIED and the action is DISMISSED without prejudice for failure to exhaust state remedies.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is DENIED without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  25th  day of    February   , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court